Stacy Tolchin (CA SBN #217431)
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer (CA SBN #268248)
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St. Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Aristeo CRUZ UITZ,<br><br>  Plaintiff,<br><br>v.<br><br>Kristi NOEM, Secretary, Department of Homeland Security; IMMIGRATION AND CUSTOMS ENFORCEMENT; Todd LYONS, Acting Los Angeles Field Office Director, Immigration and Customs Enforcement; and Mary DE ANDA-YBARRA, El Paso Field Office Director, Immigration and Customs Enforcement.<br><br>  Defendants. | Case No. _____<br><br>**Complaint for Injunctive Relief** |

## INTRODUCTION

1. Plaintiff Cruz Uitz is a native of Mexico who had been living in the United States for more than 30 years.

2. He is married to a lawful permanent resident and they have four United States citizen children, two of whom are diagnosed with medical issues and require special assistance in school.

3. On June 8, 2025, Plaintiff was detained, arrested, and assaulted by immigration authorities while working at a car wash in Los Angeles, California, as part of a widescale aggressive immigration enforcement action that continues to this day. On July 11, 2025, the Court issued a Temporary Restraining Order in *Vasquez Perdomo v. Noem,* 2:25-cv-05605-MEMF-SP (C.D. Cal.), halting immigration authorities' unlawful practice of engaging in detentive "roving patrol" stops without reasonable suspicion, in violation of the Fourth Amendment.

4. Plaintiff was the victim of such an unlawful immigration action. As a result of unlawful detention and arrest, he was physically injured, transferred to Texas, and coerced into waiving his right to proceed before an immigration judge on bond and in removal proceedings, where he could apply for a waiver of removal and lawful permanent residency.

5. Instead of applying for residency inside of the United States, Plaintiff is now stranded in Mexico and separated from his family as a result of Defendants' unlawful actions.

6. Plaintiff seeks this Court's intervention, ordering that Defendants return him to the United States to be reunited with his wife and children.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 2241 (habeas corpus);

1

28 U.S.C. § 1331 (Federal Question); and 28 U.S.C. § 1361 (Mandamus Act).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e)(1) as a substantial part of the events or omissions giving rise to the claim occurred, and Plaintiff resides in this judicial district.

## PARTIES

9. Plaintiff Jesus Aristeo Cruz Uitz is a native and citizen of Mexico, who resides in Inglewood, California with his lawful permanent resident wife and his four United States citizen children. He is currently physically located in Mexico.

10. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), and is sued in her official capacity. The Secretary of Homeland Security is charged with the administration and enforcement of immigration laws. 8 U.S.C. § 1103(a).

11. Defendant Immigration and Customs Enforcement ("ICE") is the agency responsible for the detention, removal, and issuance of voluntary departure for noncitizens prior to the initiation of removal proceedings.

12. Defendant Todd Lyons is the Acting Director of the Los Angeles Field Office of the Immigration and Customs Enforcement, Department of Homeland Security, and is sued in his official capacity. Defendant Lyons is responsible for the detention, removal, and transfer of immigrant detainees in the Los Angeles jurisdiction.

13. Defendant Mary De Anda-Ybarra is the Director of the El Paso Field Office of the Immigration and Customs Enforcement, Department of Homeland Security, and is sued in her official capacity. Defendant De Anda-Ybarra is responsible for the detention, removal, and issuance of voluntary departure for noncitizens prior to the initiation of removal proceedings in the El Paso jurisdiction.

## FACTUAL ALLEGATIONS

14. Plaintiff is a native and citizen of Mexico, who has resided in the United States for more than 30 years.

15. He is married to a lawful permanent resident and has four United States citizen children. They reside in Inglewood, California.

16. Plaintiff's 16-year-old daughter is diagnosed with Attention-Deficit/Hyperactivity Disorder (ADHD), anxiety, and depression, and learning difficulties. Plaintiff is her caregiver and ensures that she takes her medication and helps to ease her anxiety. She takes medication and has special accommodations in school due to difficulty meeting homework deadlines and attending classes.

17. Plaintiff's 10 year old son also has accommodations in school due to his speech difficulty.

18. Plaintiff's wife suffers from major depressive disorder and is under a physician's care.

19. Plaintiff has no criminal history and prior to June 2025 had had no encounters with immigration or law enforcement.

20. On Sunday, June 8, 2025, Plaintiff went to work at the Car Wash in Los Angeles, where he had been working since 2017. At around 3:30 PM, he noticed six vehicles pull up to the car wash and park at the entrance. Masked officers pulled up quickly and in an intimidating manner.

21. Plaintiff stood where he was and officers got out of the vehicles and approached him aggressively and grabbed his arms. An officer, who did not identify himself and was armed, questioned whether Plaintiff had "papers."

22. Plaintiff was handcuffed when he tried to speak. He told the officer that he was hurting him, but the officer responded that he was being kicked out of the country. Plaintiff was aggressively forced into the back of the officer's

vehicle while cuffed, and experienced great pain as a result. His handcuffs were also too tight and the officer did not loosen the cuffs, despite Plaintiff's pleas that the cuffs were hurting him.

23. During the drive in the car, officers asked Plaintiff how long he had lived in the United States, and he responded "35 years." They asked him if he had a criminal record and Plaintiff responded "no."

24. The officers did not identify themselves as immigration officers and did not inform Plaintiff of the reasons for his arrest.

25. Plaintiff was taken from Los Angeles to a detention center in San Bernardino, where officers removed his handcuffs.

26. When they took them off, he could not even move his arms because of how tight the handcuffs had been.

27. Plaintiff was transferred multiple times and eventually taken to El Paso, Texas.

28. At every detention center, he asked if he could use the phone, wanting to call his family or try to speak to an attorney. He was never allowed to use the phone.

29. Plaintiff met with an immigration deportation officer in El Paso, Texas, who questioned Plaintiff about his family and criminal history. Plaintiff told him that he had four United States citizen children and provided their names.

30. The immigration officer handed Plaintiff a paper document and told him that that he should sign the document. The officer said that this would give him a voluntary departure order and that if he stayed to fight, he would spend eight months in detention.

31. The officer further told Plaintiff that he could fix his papers in Mexico and then come back to see his children again.

32. The officer did not tell Plaintiff that he could seek release on bond

before an immigration judge. *See* 8 U.S.C. § 1226(a).

33. Nor did the officer tell Plaintiff that he was eligible to apply for relief from removal and lawful permanent residency because he had a United States citizen family and had been in the United States for more than ten years. *See* 8 U.S.C. § 1229b(b) (cancellation of removal).

34. Plaintiff did not feel he had a choice because he believed that he would have to stay detained for eight months. He did not know that he could seek release on bond or that he was eligible for cancellation of removal.

35. There were 22 people in the room where Plaintiff was detained and there was barely enough room to sleep. It was also freezing cold in the detention center, and he was only given a plastic blanket.

36. Plaintiff also suffered pain in his shoulder from when he was pushed into the car. His hands and wrists also still hurt from the tight handcuffs. The pain was so strong, he could barely get up and move, and he could not sleep.

37. Plaintiff was provided a document to sign but was unable to read the document because he did not have his reading glasses. The officer just told him to sign the document and pointed to where to sign. Plaintiff signed the paper, which it turns out was an acceptance to take voluntary departure and waive his right to see an immigration judge.

38. The officer did not explain that Plaintiff had a right to see an immigration judge and that by accepting voluntary departure he would not see a judge. He did not explain that he was eligible to seek release on bond or that he could apply for "cancellation of removal."

39. On June 13, 2025, Plaintiff was transported to the border at El Paso, Texas and told to walk to the Mexican side.

40. He has remained in Mexico since that time.

## CAUSES OF ACTION

## COUNT ONE

*Violation of 8 C.F.R. § 287.8(b)(2) and Fourth Amendment:*
*Unlawful Detention Without Individualized Reasonable Suspicion*

41. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

42. The Court must hold unlawful and set aside an agency action that is without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

43. Defendants ICE detained Plaintiff without reasonable suspicion based on specific articulable facts that Plaintiff was in the United States unlawfully. The failure to meet these requirements is a violation of 8 C.F.R. § 287.8(b)(2) and the Fourth Amendment of the United States Constitution.

## COUNT TWO

*Violation of 8 U.S.C. § 1357(a)(2):*
*Warrantless Arrest Without Probable Cause or Evidence of Flight Risk*

44. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

45. The Court must hold unlawful and set aside an agency action that is without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

46. Defendants ICE arrested Plaintiff without probable cause and without a warrant. Defendants also failed to make an individualized finding of flight risk. The failure to meet these requirements is a violation of 8 U.S.C. § 1357(a)(2).

## COUNT THREE

*Violation of 8 C.F.R. § 287.8(c)(2)(ii):*
*Warrantless Arrest Without Probable Cause or Evidence of Flight Risk*

47. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

48. The Court must hold unlawful and set aside an agency action that is without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

49. Defendants ICE arrested Plaintiff without a warrant and without "reason to believe" that he was "likely to escape before a warrant can be obtained" in violation of 8 C.F.R. § 287.8(c)(2)(ii). The reason to believe standard meets the probable cause standard of the Fourth Amendment. *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019).

50. Arrest in violation of the regulation is unlawful. *See Sanchez v. Sessions*, 904 F.3d 643, 650 (9th Cir. 2018); *Perez Cruz v. Barr*, 926 F.3d 1128, 1137 (9th Cir. 2019).

## COUNT FOUR

### *Fourth Amendment: Arrest Without Probable Cause*

51. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

52. The Court must hold unlawful and set aside an agency action that is contrary to a constitutional right and/or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(B), (D).

53. The Fourth Amendment prohibits Defendants from arresting an individual for an immigration violation without probable cause.

54. Defendants ICE arrested Plaintiff without probable cause that he was a noncitizen unlawfully in the United States.

## COUNT FIVE

### *Failure to Identify Officers and Basis for Arrest in Violation of 8 C.F.R. § 287.8(c)(3))*

55. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

56. The Court must hold unlawful and set aside an agency action that is without observance of procedure required by law. 5 U.S.C. § 706(2)(D).

57. The regulations require arresting officers identify themselves as "an immigration officer who is authorized to execute an arrest" and "state that the person is under arrest and the reason for the arrest." 8 C.F.R. § 287.8(c)(3).

58. ICE officers failed to identify themselves at the time of arrest and failed to inform Plaintiff of the reasons for his arrest.

## COUNT SIX

*Unlawful Use of Force in Violation of 8 C.F.R. § 287.8(a)(1)*

59. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

60. The Court must hold unlawful and set aside an agency action that is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right and/or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(C), (D).

61. The use of force used against Plaintiff in his detention and arrest was unwarranted and unreasonable, in violation of 8 C.F.R. § 287.8(a)(1).

## COUNT SEVEN

*Voluntary Departure Obtained Through Coercion:  
Violation of Due Process and 8 C.F.R. § 287.8(c)(vii)*

62. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

63. The government may not deprive a person of life, liberty, or property without due process of law. U.S. Const. amend. V. "Freedom from

imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that the Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

64. The Court must hold unlawful and set aside an agency action that is contrary to a constitutional right and/or without observance of procedure required by law. 5 U.S.C. §§ 706(2)(B), (D).

65. Plaintiff was eligible for release on bond and to apply for relief from removal before the immigration judge.

66. Defendants unlawfully used coercion to deprive Plaintiff of his right to seek bond and relief from removal before the immigration judge, in violation of the Fifth Amendment and the regulations at 8 C.F.R. § 287.8(c)(vii).

## COUNT EIGHT

### *Mandamus*

67. Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

68. Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendant has a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. See 28 U.S.C. § 1361.

69. Plaintiff has a clear right to be returned to the United States. Defendants have a duty to facilitate that return. There is no other adequate remedy available.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court grant the following relief:

(1)   Assume jurisdiction over this matter;

(2)   Order that Defendants return Plaintiff to the United States;

(3) Order that Plaintiff not be detained; or alternatively that he be detained and not transferred from this judicial district if subject to removal proceedings;

(4) Order that Plaintiff be entitled to a bond hearing and removal hearing before an immigration judge;

(5) Award costs and reasonable attorney fees incurred under this action under 28 U.S.C. § 2412, et. seq. (Equal Access to Justice Act); and

(6) Grant any further relief that this Court may deem fit and proper.

Dated: July 14, 2025

Respectfully Submitted,

*S/Stacy Tolchin*

Stacy Tolchin (CA SBN #217431)
*Stacy@Tolchinimmigration.com*
Megan Brewer (CA SBN #268248)
*Megan@Tolchinimmigration.com*

Law Offices of Stacy Tolchin
776 E. Green St., Ste. 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Counsel for Plaintiff